## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

```
-----------------------------------------------------------------
SETH D. HARRIS,                               :
ACTING SECRETARY OF LABOR,                    :
UNITED STATES DEPARTMENT OF LABOR,            :
                                              :
                    Plaintiff,                :      Civil Action
                                              :
       v.                                     :      No.
                                              :
DAVID O. NYANJOM, LAURA NYANJOM,              :
PULMONARY DISEASE AND CRITICAL                :
CARE ASSOCIATES, P.A., and,                   :
PULMONARY DISEASE AND CRITICAL                :
CARE ASSOCIATES, P.A. 401(K) PLAN             :
                                              :
                    Defendants.               :
-----------------------------------------------------------------
```

### COMPLAINT

Seth D. Harris, Acting Secretary of Labor, United States Department of Labor ("the Secretary"), hereby alleges:

### Jurisdiction and Venue

1.     This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2.     This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.    Pulmonary Disease and Critical Care Associates, P.A. 401(k) Plan (the "401(k) Plan" or the "Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is therefore subject to the coverage of the Act, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  The Plan is administered in Columbia, Maryland.

4.    Venue with respect to this action lies in District of Maryland, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## The Parties

5.    The Secretary, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

6.    Pulmonary Disease and Critical Care Associates, P.A. ("the Company" or "PDCCA") is the Plan Sponsor and Plan Administrator of the Plan.  At all relevant times, the Company exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management and disposition of the Plan's assets, and had discretionary authority and discretionary responsibility in the administration of the Plan.  PDCCA is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A) and (C) of ERISA, 29 U.S.C. §§ 1002(14)(A) and (C).

7.    At all relevant times, Dr. David O. Nyanjom ("Nyanjom") was the sole owner and President of PDCCA, as well as trustee of the Plan.  Nyanjom made decisions regarding the Plan, including decisions as to the disposition of plan assets, and performed functions of the Plan

Administrator.  At all relevant times, Nyanjom exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management and disposition of the Plan's assets, and had discretionary authority and discretionary responsibility in the administration of the Plan.  Nyanjom is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A) and (H) of ERISA, 29 U.S.C. §§ 1002(14) (A) and (H).

8.      At all relevant times, Laura Nyanjom was PDCCA's practice manager.  Laura Nyanjom made decisions regarding the Plan, including decisions as to the disposition of plan assets, and performed functions of the Plan Administrator.  At all relevant times, Laura Nyanjom exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management and disposition of the Plan's assets, and had discretionary authority and discretionary responsibility in the administration of the Plan.  Laura Nyanjom is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Section 3(14) (A) and (H) of ERISA, 29 U.S.C. §§ 1002(14) (A) and (H).

9.      The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## General Allegations

10.      The Company established the 401(k) Plan in 1998.  The Plan permitted participants to contribute a portion of their pay to the Plan as elective salary deferrals ("employee contributions") through payroll deductions.

11.     The Plan participants are employees of PDCCA and were employees of Patuxent Hospitalists, LLC ("Patuxent").

12.     Patuxent was incorporated in Maryland on or about April 24, 2006 and was owed solely by Nyanjom.  Patuxent ceased operations in March 2009.

13.     For payroll periods between November 24, 2006 and April 16, 2012 ("the relevant period"), PDCCA deducted money from employee participants' pay as employee contributions or participant loan repayments to the Plan.  During the relevant period, Nyanjom, Laura Nyanjom, and PDCCA failed to remit certain employee contributions and participant loan repayments to the Plan.  In addition, Nyanjom, Laura Nyanjom and PDCCA remitted certain employee contributions and participant loan repayments late without interest.

14.     During the relevant period, Patuxent deducted money from employee participants' pay as employee contributions to the Plan.  Between December 8, 2006 and March 7, 2009, Patuxent and PDCCA failed to remit certain employee contributions to the Plan or to ensure that such contributions were remitted.  In addition, Patuxent and PDCCA remitted certain employee contributions late without interest.

15.     Unremitted employee contributions and participant loan repayments are assets of the Plan within the meaning of ERISA.  Defendants Nyanjom, Laura Nyanjom, and PDCCA failed to segregate the Plan assets from the general assets of PDCCA and Patuxent.

16.     The Plan documents require that the Plan administrator, "administer the Plan for the exclusive benefit of the Participants and their beneficiaries . . . ." Art. II, Sec. 2.4.  PDCCA, Nyanjom, and Laura Nyanjom did not act for the exclusive benefit of the Participants and their beneficiaries in their administration of the Plan.

4

17.     During the relevant period, Laura Nyanjom and PDCCA made payments into the Plan to restore missing contributions that benefited only some participants.  On at least one occasion, a payment was made in response to an employee threatening to leave the employ of the Company if payment was not made.

18.     Nyanjom, Laura Nyanjom, and PDCCA participated knowingly in acts or omissions by each other that they knew to be a breach of fiduciary duty.

19.     Nyanjom, Laura Nyanjom, and PDCCA failed to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and each enabled the other to commit breaches of ERISA.

20.     Nyanjom, Laura Nyanjom, and PDCCA each knew that the other had breached their fiduciary duties, but did not make reasonable efforts under the circumstances to remedy the breaches.

## Violations

21.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-20 inclusive.

22.     By the actions and conduct described in paragraphs 1-16, defendants Nyanjom, Laura Nyanjom, and the Company, as fiduciaries of the Plan:

a.      failed to ensure that all assets of the Plan were held in trust by one or more trustees, in violation of Section 403(a) of ERISA, 29 U.S.C. § 1103(a);

b.      failed to ensure that the assets of the Plan did not inure to the benefit of the Company in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

5

    c.      failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

    d.      failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

    e.      caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party-in-interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D); and

    f.      failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the Plan, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S. C. § 1104(1)(1)(D).

23.     By the actions and conduct described in paragraphs 1-15, defendants Nyanjom and the Company, as fiduciaries of the Plan, dealt with assets of the Plan in their own interest or for their own account, in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1).

24.     By participating knowingly in the fiduciary breaches of one another, knowing such acts or omissions to be breaches of fiduciary duty, Nyanjom, Laura Nyanjom and the Company are each liable for the other's breaches of fiduciary duty, pursuant to Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1).

25.     By failing to comply with the Section 404(a)(1) of ERISA in the administration of their specific fiduciary duties and thereby each enabling the other to commit a breach of ERISA, PDCCA, Nyanjom and Laura Nyanjom  are liable for each other's breaches of fiduciary duty, pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

26.     Nyanjom, Laura Nyanjom and the Company, as fiduciaries of the Plan, by failing to make reasonable efforts under the circumstances to remedy the breaches of which they had knowledge, are each liable for the other's fiduciary breaches, pursuant to Section 405(a) (3) of ERISA, 29 U.S.C. § 1105(a)(3).

### Prayer for Relief

27.     WHEREFORE, the Secretary prays that this Court issue an order:

    a.  Ordering the defendants to restore  to the Plan all losses, including interest or lost opportunity costs and the costs of the independent fiduciary, which were caused by their fiduciary misconduct;

    b.  Requiring the Plan to set off any individual account balances of Nyanjom and Laura Nyanjom against the amount of losses, including interest or lost opportunity costs and the costs of the independent fiduciary, resulting from

their fiduciary breaches, as authorized by 29 U.S.C. § 1056(d)(4), and

reallocate it to the non-breaching participants, if the losses are not otherwise

restored to the Plan by defendants;

c.   Removing Nyanjom, Laura Nyanjom, and the Company as fiduciaries of the

Plan and of any employee benefit plan for which Nyanjom, Laura Nyanjom,

and the Company act as fiduciaries;

d.   Permanently enjoining Nyanjom, Laura Nyanjom, and the Company from

acting directly or indirectly, in any fiduciary capacity, with respect to any

employee benefit plan subject to ERISA;

e.   Permanently enjoining Nyanjom, Laura Nyanjom, and the Company from

exercising any custody, control, or decision making authority with respect to

the assets of any employee benefit plan covered by ERISA;

f.   Appointing an independent fiduciary with plenary authority and control with

respect to the management and administration of the Plan, including the

authority to marshal assets on behalf of the Plan, to pursue claims on behalf of

the Plan, and to allocate restored Plan assets to participants, taking into

account any preferential payments previously made by the defendants to some

participants, with all costs to be borne by the defendants;

g.   Ordering the defendants, their agents, employees, service providers, banks,

accountants, and attorneys to provide the Secretary and the independent

fiduciary with all of the books, documents, and records relating to the finances

and administration of the Plan, and to make an accounting to the Secretary and

to the independent fiduciary of all contributions to the Plan and all transfers,

payments, or expenses incurred or paid in connection with the Plan;

h.   Awarding plaintiff, the Secretary, the costs of this action; and

i.   Awarding such other relief as is equitable and just.

<table>
<tr><td></td><td>Respectfully Submitted,</td></tr>
</table>

Post Office Address:

M. Patricia Smith
Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
Phone: (215) 861-5144
Fax:  (215) 861-5162

Catherine Oliver Murphy
Regional Solicitor

_____

Joanne Roskey
Regional Counsel
Bar #94309 PA

_____

Jessica R. Brown
Attorney

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff